# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEE BARNES,<br><br>Plaintiff,<br><br>v.<br><br>EMERALD X, LLC, FREEMAN COMPANY, JOHN DOES 1-10, ABC PARTNERSHIP(s) and XYZ CORPORATION(s), Jointly, Severally, and in the Alternative ,<br><br>Defendants. | Civil Case No. 22-3309<br><br>CIVIL ACTION<br><br>**NOTICE OF REMOVAL**<br><br>**Removed from New Jersey Superior Court, Law Division, Atlantic County<br>Docket No. ATL-L-1144-22**<br><br>*Document Filed Electronically* |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Freeman Expositions, LLC, (improperly named herein as Freeman Company), hereby removes to this Court the above-captioned matter, which is pending in the Superior Court of New Jersey, Law Division, Atlantic County, under Docket No. ATL-L-1144-21. Removal is proper based on diversity jurisdiction as follows:

**A.    Background**

1.    On April 13, 2022, Plaintiff Lee Barnes, a citizen of Florida, filed this personal injury action, designated Docket No. ATL-L-1144-22, in the Superior Court of New Jersey, Law Division, Atlantic County (the "State Court Action"). Other than fictitiously named parties, Defendants Emerald X, LLC, and Freeman Expositions, LLC, (improperly named herein as Freeman Company) are the only proper defendants in this action. Complete diversity is present, as Plaintiff is a citizen of the State of Florida, Defendant Emerald X, LLC, is a citizen of the States of California and Delaware, and Defendant Freeman Expositions, LLC, is a citizen of the State of

Texas.  A true and correct copy of the Complaint and Case Information Sheet in the State Court Action is attached hereto as *Exhibit A*.

2. Plaintiffs' Complaint alleges she tripped and fell on April 28, 2021, while exiting a seminar room of an event hosted, produced, and managed by Defendants Emerald X, LLC, and Freeman Expositions, LLC.  Plaintiff alleges she "was caused to suffer and sustain severe disabling and permanent injuries, has forced to undergo medical treatment, has been and will in the future be disabled and not able to perform her usual functions, has and will in the future be caused great pain and suffering all to her great loss and damage." *See Exhibit A* Complaint at ¶¶ 1-9.

3. Copies of the Summons and Complaint were served on Defendant Freeman Exposition, LLC, on or about May 4, 2022.

4. Upon information and belief, Defendant Emerald X, LLC, was served on April 28, 2022.  A true and correct copy of the Affidavit of Service filed in the State Court Action is attached hereto as *Exhibit B*.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice must be filed within thirty (30) days of Freeman Exposition, LLC, receipt of service of the Summons and Complaint, or by June 3, 2022.  As this Notice is being filed on June 1, 2022, this removal is timely.

6. The time for the Defendants to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

7. Pursuant to 28 U.S.C. § 1447(b), Defendant Freeman Exposition, LLC, has attached true and correct copies of "all records and proceedings" in the State Court Action as *Exhibits A and B*.

6965249

8.     28 U.S.C. § 1446(b) requires all Defendants who have been properly joined and served to consent to removal of the action.  Defendant Emerald X, LLC, has consented to the removal.

9.     Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Superior Court, Law Division, Atlantic County and served on Plaintiff's counsel.  A copy of the Notice of Filing of a Notice of Removal to be filed with the Superior Court of New Jersey, Law Division, Atlantic County is attached hereto as *Exhibit C*.

10.    By filing a Notice of Removal in this matter, the Removing Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and the Removing Defendant specifically reserves the right to assert any defenses and/or objections to which it may be entitled, including but not limited to, the right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

11.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234-35 (10th Cir. 2006).

**B.     Diversity of Citizenship**

12.    Upon information and belief, at the time this action was filed and at all times since, Plaintiff was and is a citizen of the State of Florida.  *See* unnumbered introductory paragraph to Plaintiff's Complaint, attached as *Exhibit A*.

13.    Defendant Freeman Expositions, LLC, (improperly named herein as Freeman Company) is a Texas Limited Liability Company.  The members of the LLC are residents of the

State of Texas.  Therefore, Freeman Expositions, LLC, is a citizen of the State of Texas.  *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (holding that an LLC has the citizenship of each of its members).

14. Upon information and belief, Emerald X, LLC is wholly owned by Emerald Holding, Inc., a publicly held corporation.  Emerald Holding, Inc. is a publicly held Delaware corporation with a principal place of business in California.  Therefore, Emerald X, LLC, is a citizen of the State of Delaware and State of California.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) ("A corporation's citizenship derives, for diversity purposes, from its State of incorporation and principal place of business. It is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction.").

15. The citizenship of defendants sued under fictitious names is disregarded for the purposes of demonstrating complete diversity of the parties for purposes of removal.  *See* 28 U.S.C. § 1441(a).

16. Because Plaintiff is diverse from each Defendant, complete diversity exists in this action.

**B.** **Amount in Controversy Requirement**

17. On the face of the Complaint, the $75,000 amount-in-controversy requirement is satisfied.  *See* 28 U.S.C. §§ 1332(a).  As the Supreme Court has clarified, a notice of removal to federal court under 28 U.S.C. § 1446(a) need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include actual evidence establishing that amount.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

6965249

18.	Here, it is apparent from the face of the Complaint, and the nature of the injuries alleged, that the amount in controversy in this action exceeds $75,000.[1]  Plaintiff claims she "was caused to suffer and sustain severe disabling and permanent injuries, has forced to undergo medical treatment, has been and will in the future be disabled and not able to perform her usual functions, has and will in the future be caused great pain and suffering all to her great loss and damage." *See Ex. A*, at ¶9.  She seeks a judgment against defendants for "damages, interest, costs of suit, attorney's fees," all of which are properly included in the amount in controversy. *See id.*, unnumbered "Wherefore" paragraph at the end of Count One.

19.	Where, as here, Plaintiff alleges serious bodily injuries and/or chronic or permanent medical conditions, courts have readily found that the amount-in-controversy requirement is satisfied.  *See Montilus v. Munoz*, Civil Action No. 09–4143 (SRC), 2009 WL 3246609, at *2 (D.N.J. Oct. 6, 2009); *Raspa v. Home Depot,* 533 F. Supp. 2d 514, 522 (D.N.J. Dec. 21, 2007); *Kolokowski v. Crown Equip. Corp.*, Civil Action No. 05-4257, 2005 WL 3320777, at *3 (D.N.J. Dec. 6, 2005).)  Accordingly, it is evident from the face of the Complaint that the amount in controversy exceeds $75,000.

**C.**	**Conclusion**

20.	Because (1) complete diversity exists and (2) the amount in controversy exceeds $75,000, Emerald X, LLC, satisfied the requirements for removal pursuant to 28 U.S.C. § 1332.

Defendant requests that this Court consider this Notice of Removal in accordance with the law governing the removal of cases to this Court; that this Court will make the appropriate orders

---

[1] Removing Defendant does not, however, concede that Plaintiff would be entitled to any of the relief sought in the Complaint.  (*See Kelderman v. Remington Arms Co.*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting a plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting that a "defendant need not go that far").  Here, Removing Defendant specifically denies that Plaintiff is entitled to recover any damages.

to achieve the removal of this case from the Superior Court of New Jersey, Law Division, Hudson County; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served.

Dated:  June 1, 2022           By: */s/ Eric L. Probst*
                                             Eric L. Probst
                                             PORZIO, BROMBERG & NEWMAN, P.C.
                                             100 Southgate Parkway
                                             P.O. Box 1997
                                             Morristown, NJ 07962-1997
                                             Telephone: (973) 538-4006
                                             Facsimile: (973) 538-5146
                                             E-mail:  elprobst@pbnlaw.com

                                             *Attorneys for Defendant Freeman Expositions LLC*
                                             *(improperly named herein as Freeman Company)*

6965249

## **CERTIFICATION OF SERVICE**

I hereby certify that on this date a copy of the foregoing was served upon counsel for Plaintiff, by eletronic mail addressed as follows:

David R. Castellani, Esq.
450 Tilton Road, Suite 245
Northfield, NJ 08225
david@castellanilaw.com

Dated: June 1, 2022                    By: */s/ Eric L. Probst*
                                            Eric L. Probst

6965249