# EXHIBIT A

**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiffs

| | |
|---|---|
| LEE BARNES,<br><br>        Plaintiff(s),<br>v.<br><br>EMERALD X, LLC; FREEMAN COMPANY; JOHN DOES 1-10, ABC PARTNERSHIP(s) and XYZ CORPORATIONS(s), Jointly, Severally, and in the Alternative<br><br>        Defendant(s), | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - ATLANTIC COUNTY<br>*CIVIL ACTION*<br><br>DOCKET NO: ATL-L-<br><br><br>**COMPLAINT** |

Plaintiff Lee Barnes, currently residing in the State of Florida, by way of Complaint against the Defendants, states:

**FIRST COUNT**

1.) On or about August 28, 2021, the plaintiff Lee Barnes, was lawfully upon the property known as the Atlantic City Convention Center located at 1 Convention Boulevard, Atlantic City, New Jersey, for the purposes for the purposes of conducting Embroidery digitizing Seminars, exhibiting her products, and providing demonstration(s) to the attendees.

2.) Defendant Emerald X, LLC, is the owner and operator of several tradeshows across the United States, including the Impressions Expo that took place in Atlantic City on or around August 28, 2021.

3.) Defendant Freeman Company is a general contracting service provider who specializes in integrated event services for trade shows and was providing the set up and maintenance of both the Trade Show floor and the Trade Show Seminar rooms, as well as contracting services for Audio-Visual, for the Impressions Expo in Atlantic City on or around August 28, 2021.

1

4.) Defendants Emerald X, LLC, partnered with and/or contracted with Defendant Freeman Company to produce, administer, and manage the trade show Impressions Expo in Atlantic City and other Impression Expos around the country.

5.) Defendants Emerald X, LLC and Freeman Company were responsible for the set-up, maintenance, repair, and/or installation or construction of the exhibit booths and seminar rooms at the Impressions Expo at the Atlantic City Convention Center, including the installation of carpet on the Trade Show Floor and/or protective plastic flooring in the Seminar Rooms, and maintenance, repair, and supervision of the installation of covering along the floor and surfaces in the trade show booths, seminar rooms, and other areas where exhibits and attendees were reasonably expected to walk.

6.) On or about August 28, 2021, the plaintiff was enlisted as a speaker at the Impressions Expo hosted, produced, and managed by the defendants Freeman Company and Emerald X, LLC, within the Atlantic City Convention Center. Exiting the seminar room of Defendant Atlantic City Convention Center, where the defendants Freeman Company and Emerald X, LLC's Impression Expo was held, plaintiff tripped over sheeting/plastic which was laid on the floor over the existing carpet and only secured by chairs rather than reinforced by tape that as was typically done at past Expo's plaintiff had attended, leaving the sheeting/plastic raised and loose from the floor's surface and uneven with the floor surface. Due to such tripping hazard, plaintiff was caused to trip and fall on the sheeting/plastic, causing her to sustain severe and permanent injuries.

7.) The defendants, Freeman Company and Emerald X, LLC, as the event sponsors and producers, owed a duty of care to keep the premises, including the booths and floors of the Expo Room (trade show floor) and the seminar rooms, which they operated, maintained, and controlled, in a condition safe for the use, ingress, and egress of business invitees such as the plaintiff. It is

further alleged that the defendants had a duty to inspect the area including the floors and to repair and maintain the same in a safe condition.

    8.) The defendants were negligent in breach of the above duty of care in that they:

        (a) did not keep the premises in a safe condition;

        (b) did not exercise proper care;

        (c) caused a dangerous and hazardous condition to exist on their property;

        (d) allowed a nuisance to exist;

        (e) failed to provide proper safeguards and/or warnings on their property;

        (f) failed to provide proper, safe, and clear access for persons allowed and invited to use the property;

        (g) failed to provide proper safeguards for its patrons walking in an area where it was foreseeable that a dangerous condition such as loose and/or unsecured plastic flooring/covering could be present and remain on the floor causing a dangerous condition;

        (h) failed to warn of the hidden dangers on their property;

        (i) were otherwise negligent and careless in the premises and in the operation of their property and in their mode of operation so as to cause the accident complained of herein.

    9.) As a result of the defendants' negligence, the plaintiff, Lee Barnes, was caused to suffer and sustain severe disabling and permanent injuries, has been forced to undergo medical treatment, has been and will in the future be caused to obtain medical treatment for her injuries, has been disabled and will in the future be disabled and not able to perform her usual functions, has and will in the future be caused great pain and suffering all to her great loss and damage.

***WHEREFORE***, plaintiff demands judgment against the defendants, jointly, severally and/or in the alternative, for damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

## SECOND COUNT

1.) Plaintiffs hereby repeats and incorporates each and every allegation contained in the First Count as though herein set forth at length.

2.) At the aforesaid time and place, the defendants, John Does 1-10, ABC Partnership(s) and XYZ Corporation(s) fictitious name(s), were an unknown person(s) or were unknown incorporated or unincorporated associations authorized to do business in the State of New Jersey, whose actions caused and/or contributed, directly or indirectly, to the incident herein and the injuries and damages suffered by the plaintiff.

3.) The plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who may be responsible in whole or in part for the causation of the aforesaid accident. For the purpose of the within complaint, said individuals and business entities have been nominated as John Does 1-10, ABC Partnership(s) and XYZ Corporation(s). The plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right to amend the within complaint relative to additional defendants when, and if, the identity of said individuals or business entities becomes known.

4.) As a direct and proximate result of the aforementioned carelessness and negligence of the defendants, John Does 1-10, ABC Partnership(s) and XYZ Corporation(s), the plaintiff, sustained certain personal injuries, internal and external and both temporary and permanent in nature; did suffer, is suffering and may in the future suffer great pain and discomfort; was compelled, is now being compelled and may in the future be compelled to expend large sums of money in an attempt to cure and alleviate said injuries; has been unable and may in the future be

unable to pursue her normal business and social activities, thereby resulting in a loss of income; and has been otherwise damaged.

***WHEREFORE,*** plaintiff demands judgment against defendants, Atlantic City Convention Center, Freeman Company, Emerald X, LLC, John Does 1-10, ABC Partnership(s) and XYZ Corporation(s), each of them, jointly, severally and/or in the alternative, for damages plus interest, attorney fees and costs of suit.

## JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

## DEMAND PURSUANT TO RULE 4:17-1(b)(iii)

Pursuant to Rule 4:17-1(b)(ii), the Plaintiff hereby demands Answers to Uniform C and Uniform C(2) Interrogatories in lieu of service of the Interrogatories themselves.

## DEMAND OR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to Rule 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a Judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the Judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) name and address of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## DESIGNATION OF TRIAL COUNSEL

David R. Castellani, Esquire, is hereby designated as trial counsel in this matter.

## CERTIFICATION UNDER RULE 4:5-1

I, David R. Castellani, Esquire, by certifying, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court of the subject of any arbitration proceeding, and no such other action or arbitration is contemplated. I certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

                                                        Castellani Law Firm, LLC

Date: April 11, 2022               BY: _____
                                                       David R. Castellani, Esquire
                                                       Attorneys for Plaintiffs

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-001144-22**

**Case Caption:** BARNES LEE  VS EMERALD X, LLC
**Case Initiation Date:** 04/13/2022
**Attorney Name:** DAVID ROCK CASTELLANI
**Firm Name:** CASTELLANI LAW FIRM, LLC
**Address:** 450 TILTON ROAD SUITE 245
NORTHFIELD NJ 08225
**Phone:** 6096412288
**Name of Party:** PLAINTIFF : BARNES, LEE
**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: LEE BARNES?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/13/2022
Dated

/s/ DAVID ROCK CASTELLANI
Signed